**Rick A. TYLER, Plaintiff—Appellant,**

v.

**Steve WESTLY, Chairman California Franchise Tax Board, California State Controller, Defendant—Appellee.**

No. 04–17049.
D.C. No. CV–04–00114–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

### MEMORANDUM**

Rick A. Tyler appeals pro se the district court's order dismissing for lack of subject matter jurisdiction his action alleging that certain provisions of California's income tax system are unconstitutional. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action for lack of subject matter jurisdiction, *May Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1265 (9th Cir.2004), and we affirm.

■ Tyler's amended complaint alleged that California's prohibition against a married person filing as an unmarried individual or as a household head, results in an unconstitutional taking of property through higher tax payments. The Tax Injunction Act ("TIA"), however, narrowly restricts federal jurisdiction over state tax issues. *See* 28 U.S.C. § 1341; *see also May Trucking*, 388 F.3d at 1266. We are unpersuaded by Tyler's contention that declaratory or injunctive relief by a federal court would not operate to reduce the flow of California's tax revenue. The district court therefore properly concluded that Tyler's claim is barred by the TIA. *See id.* at 1267 ("After *Hibbs [v. Winn*, 542 U.S. 88, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004)], the dispositive question in determining whether the Act's jurisdictional bar applies is whether federal-court relief . . . would have operated to reduce the flow of state tax revenue.") (internal quotation omitted).

■ The district court also properly concluded that it lacked jurisdiction to consider Tyler's claims regarding Cal. Rev. & Tax.Code § 19133. *See* 28 U.S.C. § 1341.

We are unpersuaded by Tyler's contention that the payments he alleged he was required to make pursuant to this statute were anything other than deficiencies in state taxes. *See Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925, 931–32 (9th Cir.1996). Further, Tyler seeks to challenge the determination of a final assessed amount which, if successful, would have the effect of reducing the flow of California's tax revenue. *Hibbs v. Winn* makes plain that the TIA bars precisely this type of federal challenge to the assessment of a state tax. *See May Trucking*, 388 F.3d at 1267.

Tyler's remaining contentions are also without merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

